UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONNIE FIELDS,

    Plaintiff,

    v.

CLARK E. DUCART, et al.,

    Defendants.

Case No. 16-cv-06494-HSG (PR)

**ORDER OF SERVICE**

Plaintiff Ronnie Fields, an inmate at Pelican Bay State Prison ("PBSP"), filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although

in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that on September 16, 2015, he was given a new cellmate.  Prior to being celled together, the cellmate had expressed to defendant PBSP clinician Fox that he was suicidal and homicidal and would kill any person with whom he was celled.  On September 17, 2015, after the cellmate had been housed in plaintiff's cell, defendant Fox approached the cell to talk to the cellmate about his mental state.  The cellmate expressed to defendant Fox that when he had a chance he would kill plaintiff.  Nevertheless, defendant Fox failed to have the cellmate removed.  Defendant PBSP Warden Ducart was aware of the situation but failed to intervene.  As a result, plaintiff was choked by his cellmate, causing plaintiff to suffer physical and emotional injury.  When liberally construed, the complaint states a cognizable Eighth Amendment claim for deliberate indifference to safety under § 1983 as against defendants Fox and Ducart.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (Docket No. 9), and a copy of this order upon **Warden Clark E. Ducart** and **B Facility Clinician Fox** at **Pelican Bay State Prison**.

The Clerk shall also mail a courtesy copy of the complaint and this order to the California Attorney General's Office.

2. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

    c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

3. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out

3

specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 939).

4. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

9. The Court notes that on January 18, 2017, plaintiff filed a letter with the Court expressing that he may no longer wish to pursue this action. *See* dkt. no. 13. If plaintiff decides at any time that he no longer wishes to prosecute this case, he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a).

**IT IS SO ORDERED.**

Dated: 3/23/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge