United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE FIELDS,<br>　　　　Plaintiff,<br>　　v.<br>CLARK E. DUCART, et al.,<br>　　　　Defendants. | Case No. 16-cv-06494-HSG (PR)<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. No. 24 |

**INTRODUCTION**

On October 17, 2016, plaintiff, a California prisoner, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against two defendants at Pelican Bay State Prison ("PBSP"), where plaintiff is housed. The action was originally filed in the United States District Court for the Eastern District of California. The Eastern District thereafter transferred the action to this District on the ground that the claims arose in Del Norte County. The two defendants are PBSP Warden Clark E. Ducart and PBSP clinician Fox. On March 23, 2017, the Court screened the complaint and found that it stated a cognizable Eighth Amendment claim for deliberate indifference to plaintiff's safety.

On June 14, 2017, defendants filed a motion for summary judgment on the ground that plaintiff did not exhaust administrative remedies. Plaintiff has not filed an opposition, and the time in which to do so has passed. For the reasons discussed below, the motion for summary judgment will be granted and judgment will be entered against plaintiff.

**BACKGROUND**

**A.　Plaintiff's Allegations**

Plaintiff alleges that on September 16, 2015, he was given a new cellmate. Prior to being celled together, the cellmate, according to plaintiff, had expressed to defendant PBSP clinician

Fox that he was suicidal and homicidal and would kill any person he was celled with. On September 17, 2015, after the cellmate had been housed in plaintiff's cell, defendant Fox approached the cell to talk to the cellmate about his mental state. The cellmate expressed to defendant Fox that when he had a chance he would kill plaintiff. Nevertheless, defendant Fox failed to have the cellmate removed. Plaintiff further alleges that defendant PBSP Warden Ducart was aware of the situation but failed to intervene. As a result, plaintiff was choked by his cellmate, causing plaintiff to suffer physical and emotional injury. Plaintiff does not indicate when his cellmate attacked him. *See* Dkt. No. 9-2 at 3, 4.

**B.      Administrative Exhaustion Facts**

As discussed more below, an inmate in California must proceed through three levels and receive a decision from the third level (also known as the "Director's level") of the inmate administrative appeal system to exhaust his administrative remedies. Some inmate appeals are turned away at lower levels in the administrative appeal system, as may occur when an inmate's appeal is screened out (to allow for the inmate to cure deficiencies and resubmit the appeal) or cancelled for noncompliance with certain procedural rules. Defendants' motion is based on a cancelled inmate appeal.

Defendants have submitted a declaration from PBSP appeals coordinator A. Sheldon (Sheldon). Dkt. No. 26. According to the declaration, Sheldon conducted a search of all inmate appeals submitted by plaintiff at PBSP. *Id.* ¶ 7, Ex. A. The search results show that plaintiff submitted only one appeal after September 16, 2015—the date on which he alleges he was housed with the violent cellmate. *Id.* ¶ 8, Ex. B. The appeal—appeal number PBSP-B-15-02549—was received on September 29, 2015 and concerned an incident that had occurred on February 16, 2015. *Id.* It was cancelled pursuant to California Code of Regulation, Title 15, Section 3084.6(c)(4), because plaintiff had failed to file his appeal within the thirty-day time limit. *Id.* The cancellation decision advised plaintiff that he could not appeal a rejected appeal but that he could take corrective action by resubmitting the original appeal. *Id.* There is nothing in the record showing that plaintiff resubmitted his appeal, either to correct the date of the incident complained of or for any other reason.

**DISCUSSION**

**A.  Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id.*

A court shall grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  *Id.*  The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *See id.* at 324 (citing Fed. R. Civ. P. 56(e) (amended 2010)).  The nonmoving party must show more than "the mere existence of a scintilla of evidence." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Liberty Lobby*, 477 U.S. at 252).  "In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citing *Liberty Lobby,* 477 U.S. at 252).  If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

For purposes of summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

3

The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Plaintiff's complaint is verified and therefore may be considered as evidence in opposition to the motion for summary judgment.

Plaintiff has not filed an opposition to the motion for summary judgment. A court may not grant a summary judgment motion solely because the opposing party fails to file an opposition. The court still must review the sufficiency of defendants' motion under the summary judgment standard. *See Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003) (local rule cannot mandate automatic entry of judgment for moving party; court also must determine that movant has met summary judgment burden).

**B.     Exhaustion**

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter,* 534 U.S. at 524. An inmate "need not exhaust *unavailable* [remedies]," however. *Ross*, 136 S. Ct. at 1858 (emphasis added). An administrative remedy is unavailable if "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; or if it is "so opaque that it becomes, practically speaking, incapable of use"; or if

4

"prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859–60.

Exhaustion of available remedies is a prerequisite to suit even if the prisoner seeks relief not available in grievance proceedings, such as money damages. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." *Id.* at 90.

The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). In bringing such a motion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. If the defendant carries that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of proof remains with the defendant, however. *Id.* "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166.

The Court next turns to the administrative remedies available to California inmates. The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Generally, an inmate must submit the appeal within thirty days of the "occurrence of the event or decision being appealed, or . . . [u]pon first having knowledge of the action or decision being appealed, or . . . [u]pon receiving an unsatisfactory departmental response to an appeal filed." *Id.* § 3084.8(b). In order to exhaust available administrative remedies within this system, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of

5

the CDCR or his designee. *Id.* § 3084.1(b), § 3084.7(d)(3). "The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies; however, this does not preclude amending a finding previously made at the third level." *Id.* § 3084.7(d)(3).

An inmate appeal may be cancelled for any of the eight reasons listed in the regulation. *See id.* § 3084.6(c).[1] Among the reasons for cancellation is that the inmate appeal is untimely. An appeal may be cancelled if the "[t]ime limits for submitting the appeal are exceeded even though the inmate or parolee had the opportunity to submit within the prescribed time constraints." *Id.* § 3084.6(c)(4). A cancellation decision under § 3084.6(c) does not exhaust administrative remedies. *Id.* § 3084.1(b). An inmate can appeal that decision to cancel his appeal by appealing the application of § 3084.6(c) to his original appeal; if he prevails on that separate appeal, the cancelled appeal later can be considered at the discretion of the appeals coordinator or the third level appeals chief. *Id.* § 3084.6(a)(3) and § 3084.6(e).

Defendants have carried their burden to demonstrate that there were available administrative remedies for plaintiff and that plaintiff did not properly exhaust those available remedies. The undisputed evidence shows that California provides an administrative remedies system for California prisoners to complain about their conditions of confinement, and that plaintiff used that California inmate appeal system on or about September 29, 2015. The undisputed evidence also shows that plaintiff's appeal was cancelled as untimely. As a result of cancellation of the inmate appeal due to plaintiff's failure to file the inmate appeal within 30 days of the event complained of as required by the regulation, plaintiff failed to properly exhaust his

---

[1] An inmate appeal also may be screened out, or rejected, for any of the sixteen defects listed in the regulation. *See* Cal. Code Regs. tit. 15, § 3084.6(b). The defects that may cause an inmate appeal to be screened out are capable of being corrected -- e.g., the inmate may be required to add information or documents, or make the appeal legible -- and the inmate may resubmit the appeal after correcting the defect. *See id.* § 3084.6(a)(2). A rejection decision under § 3084.6(b) does not exhaust administrative remedies. *Id.* § 3084.1(b).

administrative remedies. *See Ngo*, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings").

Once defendants met their initial burden, the burden shifted to plaintiff to come forward with evidence showing that something in his particular case made the existing administrative remedies effectively unavailable to him. *See Albino*, 747 F.3d at 1172. Plaintiff has not met his burden to show the administrative remedies were effectively unavailable. Nor has he offered any convincing reason to excuse his failure to comply with the exhaustion requirement. In his complaint, plaintiff asserts only that the denial of his appeal was based on "date being wrong" and that the denial stated he could "only file once," thus preventing him from filing again. *See* Dkt. 9-2 at 1. However, the undisputed facts show that the denial specifically advised plaintiff of his right to appeal the cancellation decision. *See* Sheldon Decl. Ex. B. As discussed above, under California's inmate appeal system, a cancelled appeal can be separately appealed and later reopened.

Bearing in mind that defendants have the ultimate burden of proof on the defense and viewing the evidence in the light most favorable to plaintiff, the Court concludes that defendants are entitled to judgment as a matter of law on the affirmative defense that plaintiff failed to exhaust administrative remedies for his Eighth Amendment claim. The action must be dismissed without prejudice to plaintiff filing a new action if he ever properly exhausts his administrative remedies.

//

//

//

//

//

//

//

//

**CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment is GRANTED. The action is dismissed without prejudice due to plaintiff's failure to exhaust administrative remedies before filing this action.

This order terminates Dkt. No. 24.

**IT IS SO ORDERED.**

Dated: 3/8/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge